UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDREAS L. MOORE, JR.,

    Petitioner,

v.

    Case No. 22-cv-717-pp

PETER J. JAEGER,[1]

    Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 17), DENYING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT NO. 5) AND ORDERING PETITIONER TO PAY FILING FEE**

---

On June 21, 2022, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for first-degree reckless endangerment. Dkt. No. 1. On June 22, 2022, Magistrate Judge William E. Duffin ordered the petitioner to file an amended petition using the Eastern District of Wisconsin's standard form. Dkt. No. 3. On July 1, 2022, the court received from the petitioner a motion for leave to proceed without prepaying the filing fee. Dkt. No. 5. Less than a week later, the court received an amended petition, but it was not on the court's official form. Dkt. No. 7. On July 11, 2022, Judge Duffin ordered the petitioner to re-file the amended

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Prairie du Chien Correctional Institution. Dkt. No. 17 at 1. This order reflects Peter J. Jaeger as the respondent.

1

petition using the court's standard form. Dkt. No. 9. On July 22, 2022, the court received the amended petition, this time on the correct form. Dkt. No. 10. Judge Duffin screened the amended petition under Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer or otherwise respond no later than September 26, 2022. Dkt. No. 11.

Judge Duffin's order set alternative briefing schedules. Id. at 2. If the respondent chose to answer the petition, the order required the respondent to file the answer no later than September 26, 2022, the petitioner to file a brief in support of his petition no later than October 24, 2022 and the respondent to file a brief in opposition no later than November 21, 2022. Id. Judge Duffin's order permitted the petitioner to file a reply no later than December 15, 2022. Id. If the respondent elected to file a dispositive motion, the order required the respondent to file the motion no later than September 26, 2022 and the petitioner to file his response to the motion no later than October 24, 2022. Id. The order permitted the respondent to file a reply no later than November 21, 2022. Id. Eight days after Judge Duffin issued the screening order, this case was reassigned to this court.

On September 26, 2022, the respondent filed a motion for an extension of time to file his response. Dkt. No. 17. This order resolves that motion, as well as the petitioner's motion for leave to proceed without prepaying the filing fee.

I. **Motion to for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 5)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C §1914(a).

The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 5. Section 1915(a)(1) of Title 28 allows a court to authorize the commencement of a lawsuit without prepayment of the filing fee if the person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The petitioner's request indicates that he does not have any assets. Dkt. No. 5. However, his trust account statement shows that as of June 27, 2022, he had $221.55 in his regular account. Dkt. No. 6 at 1. The court finds that the petitioner can pay the $5.00 filing fee. The court will deny the petitioner's motion to proceed without paying the filing fee and order the petitioner to pay the $5.00 filing fee as directed at the end of this order.

II. **Motion for Extension of Time to File Response to Petition (Dkt. No. 17)**

On September 26, 2022, the respondent asked the court to extend the deadline by which he must file his response to the petition. Dkt. No. 17. The respondent argues that the extension is necessary given the "previously assigned and time-sensitive matters" he must address before turning his attention to this petition. Id. at 2. The respondent asks the court to extend the deadline to October 26, 2022. Id. at 3. The court finds that there is good cause for the extension and will grant the motion. Because the court will require the petitioner to pay his filing fee within thirty days from the date of this order, the court will give the respondent a deadline sixty days from the entry of this order to file his response to the petition.

3

### III. Conclusion

The court **DENIES** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **ORDERS** that the petitioner must pay the $5 filing fee in time for the court to *receive it* by the end of the day on **November 4, 2022**. If the court does not receive the $5.00 filing fee by the end of the day on November 4, 2022, the court will dismiss this case without prejudice and without further notice or hearing.

The court **GRANTS** the respondent's motion for an extension of time and **ORDERS** the respondent to file his responsive pleading to the petition by the end of the day on **December 2, 2022**.

The court **VACATES** the briefing schedule in Judge Duffin's July 26, 2022 order. Dkt. No. 11.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if she chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs must not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court parties must double-space any typed documents.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**