UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREAS L. MOORE, JR.,

        Petitioner,

  v.

Case No. 22-cv-717-pp

PETER J. JAEGER,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO ALTER/AMEND JUDGMENT (DKT. NO. 36)**

On July 31, 2023, the court granted the respondent's motion to dismiss Andreas Moore, Jr.'s petition for a writ of *habeas corpus* under 28 U.S.C. §2254 and denied a certificate of appealability. Dkt. No. 34. The court found that the petition was untimely: the petitioner's conviction became final on December 10, 2016, id. at 9, and the petitioner filed his federal *habeas* petition on June 21, 2022. Although the petitioner had filed a Knight petition years after the conviction became final, the court held that that filing did not pause the federal *habeas* clock. Id. at 12, 13. The court concluded that the petitioner had failed to establish that he was "diligently pursuing his rights" or that extraordinary circumstances prevented him from timely filing the federal *habeas* petition by December 2017. Id. at 15. The court also found that the petitioner had failed to establish actual innocence, and was raising arguments that the state courts previously had considered. Id. at 18.

**I.    Petitioner's Motion to Alter or Amendment Judgment under Rule 59(e) and Reconsideration Motion (Dkt. No. 36)**

Twenty-eight days after the court entered judgment, the court received from the petitioner a fourteen-page, single-spaced motion for reconsideration

1

and attached ninety-four pages of exhibits. Dkt. No. 36. The first fourteen pages of exhibits are the same fourteen pages the petitioner filed with his original petition; he included additional pages with his amended petition. Dkt. Nos. 8-1, 36-1. The petitioner admits that in the motion to alter or amend, he is addressing "some but not all of the grounds in his original petition." Dkt. No. 36 at 1. One argument that he did not raise previously is the state court's alleged failure to make a probable cause determination within forty-eight hours of his warrantless arrest. Id. at 2-4. The remaining arguments are arguments the petitioner raised in his petition and amended petition: that one of the victims failed to testify, that someone else would have identified his co-defendant as the shooter and that his co-defendant allegedly lied in violation of his plea agreement. Id. at 5. The petitioner maintains that he can contradict every statement made by "the prosecutor to sentence him unconstitutionally." Id. at 12.

The petitioner addresses the time that it took for him to bring his arguments to the court's attention. He claims that he raised "these questions to his former counsel" but that counsel moved many times between 2017 and 2019. Id. at 6. He points to Exhibit 8 as evidence that he wrote to the Wisconsin Innocence Project to try to get help during the relevant period; the document labeled Exhibit 8, however, is a supplement to a Milwaukee Police Department incident report. Dkt. No. 36-1 at 94. The petitioner asserts that he "made every affirmative effort to fight this wrongful conviction" and suggests that the fact that the evidence was not presented is proof that he did not receive the procedural safeguards guaranteed by the Constitution. Id. Finally, the petitioner argues that "the question of mootness turns on the question presented by the merits." Id. at 9.

A motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight (28) days of the entry of judgment. A Rule 59(e) motion must show either that the court "committed a manifest error of law or fact" or that "newly discovered evidence precluded entry of judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 955 (7th Cir. 2013). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997))

The petitioner has not shown that the court committed a manifest error of law. The petitioner filed his federal *habeas* petition outside of the one-year limitation period. See 28 U.S.C. §2244(d)(1). In its July 31, 2023 order, the court considered whether the petitioner had established a basis for equitable tolling or a finding of actual innocence. Dkt. No. 34 at 13-20 (citing Ademju v. United States, 999 F.3d 474, 477 (7th Cir. 2021); Arnold v. Dittman, 901 F.3d 830, 836 (7th Cir. 2018)). Applying the relevant legal standard, the court concluded that the petitioner had failed to diligently pursue his rights and had failed to establish that some extraordinary circumstance prevented him from filing or that he was actually innocent. Holland v. Florida, 560 U.S. 631, 648–49 (2010). While it is difficult to tell from the his motion to alter or amend the judgment, the petitioner does not appear to argue that the court committed a manifest error of law.

Similarly, the petitioner has not shown that the court committed a manifest error of fact. The court found that the conviction became final on December 10, 2016. Dkt. No. 34 at 9. In March of 2019, the petitioner filed a petition for a sentence reduction in the state court but that petition did not

3

challenge his judgment of conviction. Id. at 14. He says that he is presenting documents with the instant motion to alter or amend judgment that demonstrate he requested assistance from the Innocence Project in 2017 and that his lawyer changed addresses multiple times from 2017 to 2019. Dkt. No. 36. The court can find no such documents among the pages and pages of exhibits the petitioner filed. As noted in the court's order dismissing the case, the petitioner received a letter dated April 2017 from the State Public Defender's Office urging him to contact his private attorney (and that same letter provided an address). Dkt. No. 25-1 at 1. The court explained why the letter did not establish that the petitioner was diligently pursuing his rights:

> Finally, while Attorney Taylor Cornwall's letter was dated April 28, 2017, the petitioner does not explain what happened between April 28, 2017 and March 22, 2019. He does not explain whether he contacted his appointed counsel, does not explain whether that counsel provided him with his case materials or when and does not explain how any delay caused him to wait over four years to file his federal *habeas* petition. The petitioner has not demonstrated that he was diligent in pursuing his rights.

Dkt. No. 34 at 15. The motion to alter or amend judgment does not change that analysis. Even if the petitioner wrote to his lawyer while his lawyer moved locations, he has not explained why he waited until 2022 to file his federal *habeas* petition.

Nor has the petitioner demonstrated that some extraordinary circumstance prevented him from filing a timely *habeas* petition. An extraordinary circumstance is one that prevents a petitioner from complying with a deadline and it must be an external obstacle that impedes the presentation of his claim to the court. Conner v. Reagle, 82 F.4th 542, 551 (7th Cir. 2023). The only thing that the petitioner asserts was outside of his control was the fact that his counsel moved offices between 2017 and 2019 and that

4

Case 2:22-cv-00717-PP   Filed 03/26/24   Page 4 of 6   Document 39

he relied on family and friends for the relevant documents. Dkt. No. 36 at 1. His allegations are conclusory and insufficient for purposes of finding an extraordinary circumstance. And the petitioner is relying on the same arguments the court considered—and rejected—for the actual innocence claim.

The petitioner had the burden to establish a basis for excusing the untimely filing. See Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255 (2016). He cannot use his Rule 59(e) motion to raise arguments that could have been raised in his original petition. Ben-Yisrayl v. Neal, 857 F.3d 745, 747 (7th Cir. 2017) ("A Rule 59(e) motion is not an appropriate vehicle for advancing arguments or theories that could and should have been made before the district court rendered a judgment."). The petitioner did not attach evidence or make an argument that was unknown to him at the time he filed the original petition or even the amended petition.[1] He even admits—on page six of the Rule

---

[1] In discussing his claim that he did not have a probable cause hearing within forty-eight hours of his arrest, the petitioner says, "Among the violations presented before hand, [the petitioner] presents this motion, which he has learned about a violation has occurred on Wisconsin ,it is common practice for judicial officials to make there probable cause determination ,decide bail based on papers(Discovery Reports) which shall include a stand form entitled probable cause statement and judicial determination . . . probable cause statement and judicial determination *under 970.01* Wis. statutes sub(2) when a person is arrested without a warrant and brought before a judge a complaint shall be filed forthwith, this rule that a judicial determination or probable cause must be made within 48hrs of a warrantless arrest applies to wisconsin . . . ." Dkt. No. 36 at 2. It is not clear, but perhaps the petitioner is asserting that he only recently learned of the forty-eight-hour requirement. The fact that the petitioner only recently learned of a legal theory does not qualify as "newly discovered evidence" justifying the grant of a motion to alter or amend the judgment. "To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Engelhard Indus.,

59(e) motion—that he brought "these questions to his former counsel." Dkt. No. 36 at 6. His motion to alter or amend judgment doesn't excuse the delay in bringing his claims to federal court and he still hasn't shown that it is "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." See Dkt. No. 34 at 17 (citing McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)).

## II. Conclusion

The court **DENIES** the petitioner's motion to alter or amend judgment under Rule 59(e) and reconsideration motion. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 26th day of March, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

Inc. v. Research Instrumental Corp., 324 F.2d 347, 352 (9th Cir. 1963), *cert den.*, 377 U.S. 923 (1964)). The petitioner has not made this showing.